# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACOB DANIEL LEE | CIVIL ACTION |
| VERSUS | NO: 17-1609 |
| OFFERUP, INC. | SECTION: "S" (5) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that OfferUp, Inc.'s Motion to Dismiss (Doc. #7) pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure is **GRANTED**, as to finding that there was improper service of process. The motion is **DENIED** as to finding that there was improper process under Rule 12(b)(4) of the Federal Rules of Civil Procedure.[1]

**IT IS FURTHER ORDERED** that plaintiff has 60 days from the date of this Order and Reasons to properly serve the defendant. If the plaintiff does not do so, this matter will be dismissed without prejudice pursuant to Rule 4(m).

## BACKGROUND

This matter is before the court on a motion to dismiss filed by defendant, OfferUp, Inc. OfferUp argues that this matter should be dismissed pursuant to Rules 12(b)(2), 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure for lack of personal jurisdiction, insufficient process and insufficient service of process, respectively.

---

[1] OfferUp also moved to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. Because the court finds that Lee did not properly serve OfferUp, there is no need to address OfferUp's personal jurisdiction argument.

On February 24, 2017, Plaintiff, Jacob Daniel Lee,[2] filed this action against OfferUp alleging a negligence claim under Louisiana law. OfferUp is incorporated under the laws of Delaware and maintains its principal place of business in Washington State. OfferUp provides an app for mobile devices that is an online garage sale where people buy and sell items to each other locally.

Lee alleges that on February 26, 2016, some unidentified assailants used the OfferUp app to lure him to a location in Harvey, Louisiana where they robbed and shot him. Lee alleges that OfferUp "created and distributed a software program for mobile technology that was a critical cause of both [the] robbery and attempted murder." Lee further alleges that OfferUp was negligent because it allowed his assailants to remain anonymous to lure him and cause him harm. Lee claims that OfferUp purposefully did business in Louisiana by distributing its app to Louisiana users and that it "transacted business in and throughout Louisiana."

On November 15, 2017, the court ordered that Lee move for entry of default against OfferUp, or show good cause in writing by December 6, 2017, of why the matter should not be dismissed for failure to prosecute. On November 16, 2017, OfferUp filed a letter with the court in which it explained why it believed that process and service of process were inadequate. On December 6, 2017, Lee filed a motion for entry of default. The next day, OfferUp filed the instant motion to dismiss. Thereafter, this court denied as moot Lee's motion for entry of default because OfferUp filed the motion to dismiss. OfferUp argues that this matter should be dismissed under

---

[2] Because plaintiff is proceeding *pro se*, the court must construe his pleadings liberally. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). However, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

Rules 12(b)(2), 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure for lack of personal jurisdiction, insufficient process and insufficient service of process, respectively. Lee has not filed an opposition.

## ANALYSIS

### I. Rule 12(b)(4) of the Federal Rules of Civil Procedure – Improper Process

Rule 12(b)(4) permits a defendant to move to dismiss an action for defects in the form of the process. Such a motion "is proper only to challenge non compliance with the provisions of Rule 4(b)[of the Federal Rules of Civil Procedure] or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1353 (3d ed.). Rule 4(b) provides:

> On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal and issue it to the plaintiff for service on the defendant. A summons – or a copy of a summons that is addressed to multiple defendants – must be issued for each defendant to be served.

Fed. R. Civ. P. 4(b). Pursuant to Rule 4(a)(1), [a] summons must: (A) name the court and the parties; (B) be directed to the defendant; (C) state the name and address of the plaintiff's attorney or – if unrepresented – of the plaintiff; (D) state the time within which the defendant must appear and defend; (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint; (F) be signed by the clerk; and (G) bear the court's seal. Id. at 4(a)(1).

3

OfferUp argues that the summons in this case appears to meet the requirements of Rule 4(a)(1)[3], but that there are "serious concerns about whether it was actually signed by Case Manager Cherie L. Charles." OfferUp argues that the signature is stylistically different from other signatures that are known to be that of Charles. OfferUp points out that there are differences in Charles' signature on the returned summons at Rec. Doc. 2 and the copy that Lee sent to OfferUp, which is at Rec. Doc. 4. Further, OfferUp argues that there was no seal on the summons that Lee sent to OfferUp, and that there is no docket entry showing that a summons was issued.

Although there is no docket entry showing the issuance of a summons, Rec. Doc. 2 is the return of the summons Lee sent to OfferUp. This copy faintly shows the court's seal over Charles' signature. Lee is a *pro se* plaintiff who walked his documents into the court instead of filing electronically as attorneys do. Charles acknowledged that she signed this summons at Rec. Docs. 2 and 4 by hand and that her handwritten signature is slightly different from the stamp that she normally uses when documents are electronically filed. Charles also acknowledged that she used the court's paper embossing seal on both Rec. Docs. 2 and 4 and that the embossing does not show up clearly on copies. There are no defects with the summons. Therefore, OfferUp's motion to dismiss under Rule 12(b)(4) for improper process is DENIED.

**II.     Rule 12(b)(5) of the Federal Rules of Civil Procedure – Improper Service of Process**

Rule 12(b)(5) permits a defendant to move to dismiss a complaint for improper service of process. "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1353 (3d ed.).

---

[3] OfferUp concedes that the summons complies with Rule 4(a)(1)(A)-(D).

OfferUp argues that dismissal is justified under Rule 12(b)(5) because the summons was improper for the same reasons OfferUp uses to support its Rule 12(b)(4) motion. OfferUp also argues that the certified mail receipt evidencing the service is inadequate because it "bears an indecipherable signature without a designation of agent or addressee, with no printed name, no date of delivery, and no service type."

Rule 4(h) of the Federal Rules of Civil Procedure governs services on a corporate entity:

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> > (1) in a judicial district of the United States:
> >
> > > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> > >
> > > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Federal Rule of Civil Procedure 4(e)(1), which governs service on individuals, provides:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> >
> > (2) doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Lee attempted to effectuate service on OfferUp by sending a copy of the summons and complaint via certified mail to Nick Huzer at OfferUp's corporate address in Washington. Nick Huzer is listed with the Washington Secretary of State as the registered agent of OfferUp. Louisiana law does not permit services of process on a corporation by certified mail. La. Code Civ. P. art. 1261. Washington state law does not provide for service via certified mail without a court order. Wilson v. Bank of America, N.A., 2014 WL 841527 (W.D. Wash. March 4, 2014). Lee does not claim that he ever personally served Nick Huzer or that there is a court order permitting service via certified mail pursuant to Washington law. Therefore, service of process was improper.

Pursuant to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. "'Good cause' under Rule 4(m) requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" Gartin v. Par Pharm. Companies, Inc., 289 Fed. Appx. 688, 692 (5th Cir. 2008) (quoting Lambert v. United States, 44 F.3d 296, 299 (5th Cir. 1995)). Further, "courts normally require 'some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance

6

within the time specified . . .'" Id. (quoting Lambert, 44 F.3d at 299). "A litigant's *pro se* status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." Thrasher v. City of Amarillo, 709 F.3d 509, 512 (5th Cir. 2013) (citation omitted).

Lee does not offer any explanations that constitute good cause for failing to properly effectuate service. However, the court has discretion to extend the time for service of process even if the plaintiff cannot demonstrate good cause. Id. at 511 (citations omitted). Because Lee is proceeding *pro se* and OfferUp is located in another state, the court will exercise its discretion to extend the time for service of process. Thus, OfferUp's motion to dismiss pursuant to Rule 12(b)(5) for improper service of process is GRANTED, and Lee has 60 days from the date of this Order and Reasons to properly serve OfferUp. If Lee does not do so, this matter will be dismissed without prejudice pursuant to Rule 4(m).

## CONCLUSION

**IT IS HEREBY ORDERED** that OfferUp, Inc.'s Motion to Dismiss (Doc. #7) pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure is **GRANTED**, as to finding that there was improper service of process. The motion is **DENIED** as to finding that there was improper process under Rule 12(b)(4) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff has 60 days from the date of this Order and Reasons to properly serve the defendant. If the plaintiff does not do so, this matter will be dismissed without prejudice pursuant to Rule 4(m).

New Orleans, Louisiana, this  15th  day of March, 2018.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**