# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACOB DANIEL LEE | CIVIL ACTION |
| VERSUS | NO: 17-1609 |
| OFFERUP, INC. | SECTION: "S" (5) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that OfferUp, Inc.'s Motion to Dismiss Pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #26) is **GRANTED**, and plaintiff's claims against it are **DISMISSED.**

## BACKGROUND

This matter is before the court on a motion to dismiss filed by defendant, OfferUp, Inc. OfferUp argues that this matter should be dismissed pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and failure to state a claim upon which relief can be granted.

On February 24, 2017, Plaintiff, Jacob Daniel Lee,[1] filed this action against OfferUp alleging a negligence claim under Louisiana law. OfferUp is incorporated under the laws of Delaware and maintains its principal place of business in Washington State. OfferUp provides an app for mobile devices that is an online garage sale where people buy and sell items to each other locally. Individual users post items for sale, and potential buyers communicate with the sellers through the app's messaging services to arrange for the transaction.

---

[1] Because plaintiff is proceeding *pro se*, the court must construe his pleadings liberally. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). However, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

Lee alleges that on February 26, 2016, some unidentified assailants used the OfferUp app to lure him to a location in Harvey, Louisiana where they robbed and shot him. Lee alleges that OfferUp "created and distributed a software program for mobile technology that was a critical cause of both [the] robbery and attempted murder." Lee further alleges that OfferUp was negligent because it allowed his assailants to remain anonymous to lure him and cause him harm. Lee claims that OfferUp purposefully did business in Louisiana by distributing its app to Louisiana users and that it "transacted business in and throughout Louisiana."

On November 15, 2017, the court ordered that Lee move for entry of default against OfferUp, or show good cause in writing by December 6, 2017, of why the matter should not be dismissed for failure to prosecute. On November 16, 2017, OfferUp filed a letter with the court in which it explained why it believed that process and service of process were inadequate. On December 6, 2017, Lee filed a motion for entry of default. The next day, OfferUp filed a motion to dismiss pursuant to Rules 12(b)(2), 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure for lack of personal jurisdiction, insufficient process and insufficient service of process. Because OfferUp filed the motion to dismiss, this court denied as moot Lee's motion for entry of default.

On March 15, 2018, this court granted Offer Up's motion to dismiss under Rule 12(b)(5), finding that Lee did not properly serve OfferUp, and ordered Lee to do so within 60 days. On May 10, 2018, this court granted Lee an additional 60 days to serve OfferUp. Lee served OfferUp on July 12, 2018. Thereafter, OfferUp filed the instant motion to dismiss arguing that it is not subject to personal jurisdiction in Louisiana in this case and Lee failed to state a claim upon which relief can be granted. Lee has not filed an opposition to the motion.

**ANALYSIS**

**I.     Personal Jurisdiction - Rule 12(b)(2)**

Personal jurisdiction "is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication." Ruhrgas AG v. Marathon Oil Co., 119 S.Ct. 1563, 1570 (1999).  Rule 12(b)(2) of the Federal Rules of Civil Procedure provides that a defendant can move to dismiss an action against it for lack of personal jurisdiction.  "The plaintiff bears the burden of establishing [personal] jurisdiction but is required to present only *prima facie* evidence." Seiferth v. Helicopteros Attuneros, Inc., 472 F.3d 266, 270 (5th Cir. 2006).  The allegations of the complaint, except as controverted by opposing affidavits, are taken as true and all factual conflicts are resolved in the plaintiff's favor. Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985).  In resolving a motion to dismiss for lack of personal jurisdiction, the court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." Revell v. Lidov, 317 F.3d 467, 469 (5th Cir. 2002) (quotations omitted).

Personal jurisdiction over a non-resident defendant is determined by the state's long-arm statute and the Due Process Clause. ICEE Distrib., Inc. v. J&J Snack Foods, 325 F.3d 586, 591 (5th Cir. 2003).  Because Louisiana's long-arm statute extends to the limits of the Due Process Clause of the Fourteenth Amendment, the inquiry is whether subjecting a defendant to personal jurisdiction in Louisiana would offend due process. See Dickson Marine Inc. v. Panalpina, Inc., 179 F.3d 331, 335 (5th Cir. 1999).  Due process is not offended if the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 66 S.Ct. 154, 158 (1945) (internal quotation and citation omitted).

Personal jurisdiction may be either specific jurisdiction or general jurisdiction. "General jurisdiction allows a court to exercise personal jurisdiction generally based on any claim, including claims unrelated to the defendant's contacts" with the forum state. James M. Wagstaffe, Practice Guide: Federal Civil Procedure Before Trial, § 10-V (2017). A court has general jurisdiction over a nonresident defendant "to hear any and all claims against [it] when [its] contacts with the state are so constant and pervasive as to render [it] essentially at home in the forum." Daimler AG v. Bauman, 134 S.Ct. 746, 761 (2014) (quotations omitted). The "test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V., 249 F.3d 413, 419 (5th Cir. 2001). For a corporation, "the place of incorporation and principal place of business are paradigm bases for general jurisdiction." Daimler, 134 S.Ct. at 760.

OfferUp is incorporated under the laws of Delaware and maintains its principal place of business in Washington State. Therefore, it is "at home" in Delaware and Washington State. There are no allegations in the complaint establishing that OfferUp has contacts with Louisiana that are so constant and pervasive as to render it at home and subject to general personal jurisdiction in Louisiana.

Specific jurisdiction exists when a nonresident defendant "has purposefully directed its activities at the forum state and litigation results from alleged injuries that arise out of or relate to those activities." Panda Brandywine Corp. v. Patomac Elec. Power Co., 253 F.3d 865, 868 (5th Cir. 2001) (quotations omitted). In evaluating specific jurisdiction, courts "consider the defendant's contacts with the forum state as they relate particularly to the claims for relief asserted in the litigation." James M. Wagstaffe, Practice Guide: Federal Civil Procedure Before Trial, § 10-VII (2017). Actions, or a single act, by a nonresident defendant whereby it "purposefully avails itself

4

of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws[,]" can establish minimum contacts. Burger King Corp. v. Rudzewicz, 105 S.Ct. 2174, 2183. (1985) (citations and footnotes omitted). "The non-resident's purposeful availment must be such that the defendant should reasonably anticipate being haled into court in the forum state." Ruston Gas Turbines, Inc. v. Donaldson Co., Inc, 9 F.3d 415, 419 (5th Cir. 1993). "The purposeful availment inquiry is intended 'to assure that personal jurisdiction is not premised solely upon a defendant's 'random, isolated, or fortuitous' contacts with the forum state.'" James M. Wagstaffe, Practice Guide: Federal Civil Procedure Before Trial, § 10-VII (2017) (quoting A Corp. v. All Am. Plumbing, Inc., 812 F.3d 564, 60 (1st Cir. 2016)). Further, "[t]he focus in analyzing the purposeful availment requirement is on the defendant's contacts with the forum state, not on fortuitous contacts the defendant might have with plaintiff who happens to be in the forum state." Id. (citations omitted). "The unilateral activity of [a plaintiff] who claim[s] some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." Pervasive Software Inc. v. Lexware GmbH & Co. KG, 688 F.3d 214, 222 (5th Cir. 2012).

The United States Court of Appeals for the Fifth Circuit applies a three-step analysis to determine specific jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, *i.e.*, whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or result from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

Seiferth, 472 F.3d at 271. "If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." Id. In conducting the fairness inquiry, the court examines "(1) the burden on the

5

nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." Luv N' Care Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 473 (5th Cir. 2006).

The United States Court of Appeals for the Fifth Circuit has adopted the "sliding scale" approach of Zippo Manf. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119 (W.D. Pa. 1997), in evaluating "whether the operation of an internet site can support the minimum contacts necessary for the exercise of personal jurisdiction." Revell v. Lidov, 317 F.3d 467, 470 (5th Cir. 2002) (citing Mink v. AAAA Dev. LLC, 190 F.3d 333, 336 (5th Cir. 1999). The Zippo "sliding scale" approach weighs an internet site's connections to the forum state. Id. At one end of the spectrum, are "passive" websites where the owner simply posts information on the internet that can be viewed by anyone. Id. The maintenance of a "passive" website will not support the exercise of personal jurisdiction. Id. "At the other end are sites whose owners engage in repeated online contacts with forum residents over the internet, and in these cases personal jurisdiction may be proper." Id. In the middle "are those sites with some interactive elements, through which a site allows for bilateral information exchange with its visitors." Id. For the websites in the middle category, the court examines "the extent of the interactivity and nature of the forum contacts." Id.

The OfferUp app is a website where users post items for sale that are viewed by others. Websites where a "user of the internet can post material to a bulletin board" fall into the middle category because "individuals *send* information to be posted, and *receive* information that others have posted." Id. at 472. Thus, OfferUp falls into the middle of the Zippo range, and the court must evaluate its contacts with Louisiana.

6

OfferUp has sufficient contacts with Louisiana to expect to be haled into court in Louisiana for issues arising from the use of its app. The premise of OfferUp's app is that local people post items for sale to other local people. OfferUp should expect to be sued for issues involving transactions that occur through its app in any location where the app is available and used because of the local nature of the transactions. Lee's claim against OfferUp is based on a transaction in Louisiana involving Louisiana citizens. Thus, OfferUp is subject to specific personal jurisdiction in Louisiana for Lee's suit.

## II. Failure to State a Claim Upon Which Relief Can be Granted - Rule 12(b)(6)

### A. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S.Ct. at 1949-50. In considering a motion to dismiss for failure to state a claim, a district

7

court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).

    **B.    Communications Decency Act**

The Communications Decency Act, 47 U.S.C. § 230, provides broad immunity "to Web-based service providers for all claims stemming from their publications of information created by third parties[.]" Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008) (citing 47 U.S.C. § 230(c)(1)). Thus, "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with" the CDA. 47 U.S.C. § 230(e)(3). Courts construe the CDA broadly and apply it to all cases arising from a website's publication of content generated by the website's users. MySpace, 528 F.3d at 418 (citations omitted). A person who is harmed by a website's publication of user-generated content may sue the third-party user who provided the content, "but not the interactive computer service that enabled them to publish the content online." Id. at 419.

Lee alleges that OfferUp is liable for negligence because it allowed third-parties to post an advertisement on OfferUp's app, which is a website, that lured Lee to a location where he was allegedly robbed and shot. Essentially, Lee alleges that if OfferUp had not published the advertisement, he would not have gone to the meeting with the third-parties and would nt have been harmed. Lee's complaint seeks to hold OfferUp liable for its publishing, editorial, and/or screening capacities, which is barred by the CDA. See MySpace, 528 F.3d at 419-222 (finding that plaintiffs were alleging publication claims that were barred by the CDA when an underage girl met a man through MySpace and he sexually assaulted her when they met in person). Because Lee's claim are

barred by the CDA, OfferUp's motion to dismiss is GRANTED, and Lee's claims against OfferUp are DISMISSED.

## CONCLUSION

**IT IS HEREBY ORDERED** that OfferUp, Inc.'s Motion to Dismiss Pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #26) is **GRANTED**, and plaintiff's claims against it are **DISMISSED.**

New Orleans, Louisiana, this __7th__ day of September, 2018.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**